**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSEPH ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-CV-0040-CVE-JFJ |
| | ) | |
| DAWN HILL-KEARSE, and | ) | |
| SERGIO JIMENEZ, | ) | |
| | ) | |
| Defendants. | ) | |

<u>OPINION AND ORDER</u>

Before the Court are plaintiff Joseph Alexander's <u>pro se</u> complaint (Dkt. # 1) and motion for leave to proceed <u>in forma pauperis</u> (Dkt. # 2). On January 23, 2026, plaintiff filed a one-page complaint (Dkt. # 1), containing four paragraphs. The complaint states in toto that "[u]pon information and belief, [d]efendants conspired together and intentionally delayed the calendar of motions, in violation of due process," "[t]he basis for this court's jurisdiction is federal law," and plaintiff seeks $500,000 in relief. Dkt. # 1, at 1. The Court addresses this complaint <u>sua sponte</u> because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may <u>sua sponte</u> raise the question of whether there is subject-matter jurisdiction 'at any stage in the litigation.'" <u>1mage Software, Inc. v. Reynolds & Reynolds Co.</u>, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 501 (2006)).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. <u>Merida Delgado v. Gonzalez</u>, 428 F.3d 916, 919 (10th Cir. 2005); <u>Penteco Corp. v. Union Gas Sys. Inc.</u>, 929 F.2d 1519, 1521 (10th Cir. 1991). A plaintiff bears the burden of alleging jurisdictional facts and demonstrating the presence of such jurisdiction. <u>McNutt</u>

v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 182-83 (1936); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002). Accordingly, a court must dismiss any claim that does not fall within its subject-matter jurisdiction. FED. R. CIV. P. 12(h)(3). In determining whether a pro se litigant's claim falls within a court's subject-matter jurisdiction, a court must hold a pro se litigants' pleadings to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). For example, "[n]ot every fact must be described in specific detail," and a plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements" must be excused under this lenient standard. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the leniency afforded to a pro se litigants' allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id.

Applying a lenient standard, the Court finds that plaintiff's complaint does not allege any basis for federal subject-matter jurisdiction and it therefore cannot permit plaintiff to proceed with his claims. Although plaintiff alleges that "[t]he basis for this court's jurisdiction is federal law" (Dkt. # 1, at 1), plaintiff fails to meet the pleading requirements of 28 U.S.C. § 1331 given that he does not invoke a federal statute or constitutional provision under which a federal question arises. The presence of a federal question is determined by the "well-pleaded complaint rule, which provides that federal jurisdiction only exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint." Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001). Thus, it is the litigant's burden to identify "the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. U.S. Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986). As the Court cannot

identify the basis or bases on which plaintiff seeks to invoke this Court's subject-matter jurisdiction, plaintiff has failed to make the requisite showing. Nor does plaintiff allege that complete diversity of citizenship exists among the parties for the Court to exercise jurisdiction under 28 U.S.C. § 1332(a). McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008). Looking at the envelope containing plaintiff's complaint, it appears that plaintiff sent his complaint from Seattle, Washington. Dkt. # 1, at 2. However, plaintiff fails to identify either his citizenship or the citizenship of defendants; in fact, plaintiff neglects to even identify who defendants are. The Court is left with no basis on which to conclude it has subject-matter jurisdiction and must dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(h)(3).

Even if plaintiff's claims had met the requirements of Rule 12(h)(3), plaintiff also fails to meet the requirements of 28 U.S.C. § 1915(a) in his application to proceed in forma pauperis. Dkt. # 2, at 1. The Tenth Circuit has held that proceeding in forma pauperis in a civil proceeding "is a privilege, not a right—fundamental or otherwise." White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998); Green v. John Suthers, 208 F.3d 226 (10th Cir. 2000) (unpublished table decision).[1] Moreover, "[t]he decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court." Cabrera v. Horgas, 173 F.3d 836 (10th Cir. 1999) (unpublished table decision); Burns v. Veterans Admin., 162 F.3d 1172, 1172 (10th Cir. 1998) (unpublished table decision). To prevail on a motion to proceed in forma pauperis, a litigant "must show a financial inability to pay the required filing fees," Lister v. Dep't of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005), and "an application to proceed in forma pauperis should be evaluated in light of the

---

[1]     This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See FED. R. APP. P. 32.1; 10TH CIR. R. 32.1.

3

applicant's present financial status." Scherer v. Kansas, 263 F. App'x 667, 669 (10th Cir. 2008) (unpublished table decision).

Before the Court is an incomplete application, in which plaintiff states that his gross pay or wages are "$1,000.00" and his take-home pay wages are "$1,000.00 per month." Dkt. # 2, at 1. Plaintiff then fails to disclose whether he is employed and his employer's name and address and states that, in the past twelve months, he has not received income from: "[b]usiness, profession, or other self-employment; [r]ent payments, interest or dividends; [p]ension, annuity, or life insurance payments; [d]isability, or worker's compensation payments; [g]ifts or inheritances; [or] [a]ny other sources." Id. Plaintiff states that "in cash or in a checking or savings account" he has $55.00. Id. at 2. Based on plaintiff's representations, as stated in his application, the Court cannot conclude that plaintiff has shown a financial inability to pay the requisite filing fees to commence this action. Although plaintiff may have limited assets, on its face, his application demonstrates that he is capable of paying the $405.00 filing and administrative fee. Thus, the Court is left to deny plaintiff's application to proceed in forma pauperis.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject-matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **denied**.

**DATED** this 27th day of January, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

4